UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
**KRISTIN BENZINGER, on behalf of herself, individually,
and on behalf of all others similarly-situated,**

|  |  |
|---|---|
| **Plaintiff,** | **Civ. No.: 16-CV-8533** |
| **- v. -** | **PLAINTIFF'S PROPOSED** <u>**REQUESTS TO CHARGE**</u> |
| **LUKOIL PAN AMERICAS, LLC and LITASCO SA,** | |
| **Defendants.** | |

------------------------------------------------------------------------------x

     Pursuant to the Court's Individual Rules and Practices in Civil Cases and Rule 51 of the

Federal Rules of Civil Procedure, Plaintiff submits the following proposed requests to charge the

jury:

Dated: May 15, 2020
      New York, New York

                                                    Respectfully Submitted,

                                              <u>/s/ Megan Goddard</u>
                                              MEGAN GODDARD
                                              Goddard Law, P.L.L.C
                                              39 Broadway, Suite 1540
                                              New York, New York 10006

                                              <u>/s/ Gabrielle Vinci</u>
                                              GABRIELLE VINCI
                                              Nesenoff & Miltenberg, LLP
                                              363 Seventh Avenue
                                              New York, New York 10001

## I.    GENERAL INSTRUCTIONS

### REQUEST NO. 1
### DIRECT V. CIRCUMSTANTIAL EVIDENCE

It is important to keep in mind that the plaintiff need not present *any* direct evidence to prevail on his claims. Direct evidence of discrimination is hard to find. This is because an employer who discriminates is unlikely to leave a "smoking gun", which would evidence a discriminatory motive. Therefore, a plaintiff is seldom able to prove his claim by direct evidence, and usually relies solely on circumstantial evidence.[1]

---

[1] *Desert Palace, Inc. v. Costa, 539* U.S. 90, 100·101 (2003}; *Chambers v. TRM Copy Centers Comoration,* 43 F.3d 29,37 (2d Cir. 1994).

**REQUEST NO. 2**
**<u>BURDEN OF PROOF</u>**

To establish a claim by a fair preponderance of the credible evidence simply means to prove that something is· more likely so than not so.  A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses; or the greater length of time taken by either side. It means the quality and persuasiveness of the evidence-- that is, the weight and the effect that the evidence has in your minds.

In order for a party who bears the burden of proof as to a particular issue or claim to prevail, the law requires that the evidence supporting the party's claim must appeal to you as more accurately representing what actually took place, as compared to the evidence opposed to the party's claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must resolve the question in favor of the other party. That is because the party bearing this burden must prove more than simple equality of evidence. He/she must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden need prove no more than a preponderance.  So long as the scales tip, however slightly, in favor of the party with this burden of proof - that what the party claims is more likely true than not true - than that clement will have been proved by a preponderance of the evidence.

To summarize briefly, a preponderance of the evidence means that such evidence, when considered and compared with the evidence opposed to it, produces in your mind a belief that what is sought to be proved more likely happened than not happened.

**REQUEST NO. 3**
**CREDIBILITY OF WITNESSES**

You have had the opportunity to observe the witnesses or to hear their deposition testimony. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony. You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness's demeanor while testifying? Often it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether in such a situation the witness's testimony reflects an innocent lapse of memory or an intentional falsehood. and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as

to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it. In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**REQUEST NO. 4**
**WHAT IS AND IS NOT EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.    The documents and exhibits which may have been received into evidence; and

3.    Stipulations of fact or testimony. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Nothing else is evidence; not what the lawyers say, not what I say, not anything you may have heard outside the courtroom.

**REQUEST NO. 5**
**CORPORATE PARTIES**

In this case, the defendant is a corporation. The mere fact that one of the parties is a corporation does not mean that it is entitled to any lesser consideration by you. All litigants are equal before the law, and governmental entities, big or small, are entitled to the same fair consideration you would give any other individual party.[2]

---

[2] 4 Sand, *et al.,* Modern Federal Jury Instructions, Instruction 76-2.

**REQUEST NO. 6**
**INTEREST IN OUTCOME**[3]

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

---

[3] 4-76 Modern Fed. Jury Instructions-Civil P. 76.01 (Instruction 72-1).

## II.   PLAINTIFF'S WAGE & HOUR/OVERTIME CLAIMS

I will now instruct you as to the law governing Plaintiff's classification and overtime causes of action.

In this action, Plaintiff held the title of Executive Assistant and worked in Defendant's New York office. Plaintiff claims that she was improperly classified as "exempt" an exempt employee and regularly worked in excess of 40 hours per workweek without being paid proper overtime compensation Defendant contends that by virtue of Plaintiff's duties, she was an exempt employee and is not owed any overtime compensation.

This case arises under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("the FLSA"), which I may refer to as FLSA.  FLSA is the federal law and the New York Labor Law is the state law. The provisions of both FLSA and the New York Labor Law are identical in most respects and I will only point out differences between the two laws when it is necessary for your purposes.

I will now instruct you on the elements of each issue presented relative to Plaintiff's overtime claims.

**REQUEST NO. 7**
**OVERTIME COMPENSATION – ELEMENTS**

Both FLSA and NYLL require employers to pay their employees overtime wages for the hours they work in excess of 40 hours a week. For purposes of this case, you may consider that the work week begins on Monday and concludes on Sunday. When employees work more than 40 hours in a week, the law requires that they receive what is commonly known as overtime pay. The amount of overtime that is due under the law is one-and-one-half times the employee's regular hourly wage whichever is greater. Here, Plaintiff alleges that Defendant did not pay her for any time over forty hours a week. That is, Plaintiff alleges she did not receive an hourly wage of time and one-half for any hours worked in excess of forty in a single workweek.

To prove her overtime claims, Plaintiff first has the burden of proving, by a preponderance of the evidence, that there were occasions when she worked over 40 hours in a week. That means Plaintiff has to prove to you, in light of all the evidence, that it is more likely than not that she sometimes worked over 40 hours per week. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Lukoil on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on her side on the issue of whether she sometimes worked over 40 hours per week.[4]

Under the law, work hours include all time spent in physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the Defendant. Exertion is not required for an employee to accumulate work hours. Rather, the workweek ordinarily includes all the time during which an

---

[4] 29 U.S.C. § 207(a); 29 C.F.R. §§ 778.100.

employee is necessarily required to be on the employer's premises, on duty, or at a prescribed workplace.[5]

Lukoil is required to keep accurate records of the hours employees worked each workday and the total hours worked each week-including the employees' times of arrival and departure, and the wages that employees are paid, including the rate at which employees are paid. In the absence of time records, Plaintiff is only required to demonstrate that she worked over 40 hours in a single workweek "as a matter of just and reasonable inference." Plaintiff may rely entirely on her own recollections of her weekly or daily routines. Unlike Lukoil, Plaintiff is not required to keep detailed records. Thus, the law does not require Plaintiff to remember her exact hours per week or the wages she received, so long as there is a reasonable estimate of the dates and hours she worked and the pay she received. Such a reasonable estimate may, if you find it credible, be sufficient proof for you to base your findings on her testimony alone. In this respect, Plaintiff's recollection must be more than mere speculation, but need not be precise, and may consist solely of an approximation of the hours that she worked.[6]

If you find that Plaintiff has proven by a preponderance of the evidence that she has worked over forty hours in a workweek, you must then turn to Defendant's defense and determine whether Plaintiff was entitled to overtime compensation under the law.

---

[5] 29 C.F.R. § 785.7 (quoting and citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)); see generally *DeAsencio v. Tyson Foods, Inc.*, 500 F.3d 361 (3d Cir. 2007).

[6] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946*); Reich v. Gateway Press*, 13 F.3d 685, 701-02 (3d Cir. 1994); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296-98 (3d Cir. 1991); *McLaughlin v. DialAmerica Marketing, Inc.*, 716 F. Supp. 812, 825 (D.N.J. 1989); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005); 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7); N.Y. Comp. Codes R. & REGs. tit. 12, § 142-2.6(a)(4).

## REQUEST NO. 8
## ADMINISTRATIVE EXEMPTION – DEFENDANT'S BURDEN OF PROOF[7]

The Fair Labor Standards Act and the New York State Labor Law provide that certain categories of employees are "exempt" from overtime pay requirements. These categories include, but are not limited to, administrative employees. Notably, whether or not an employee is exempt from the overtime law does not depend on Plaintiff's job title. Nor does it depend on whether Plaintiff has been designated the person "in charge" or the fact that Plaintiff has been paid a salary rather than an hourly wage.

Here, Lukoil argues that Plaintiff is covered by the administrative exemption and therefore, was not eligible for overtime. The administrative exemption is narrowly construed against Lukoil and only applies if Lukoil proves that Plaintiff "plainly and unmistakably" fell within the requirements of the exemption.

"Plain and unmistakable" evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard, but it does not require proof beyond a reasonable doubt, the standard applied in criminal cases. If the record is unclear as to some exemption requirement, then you must find Lukoil has failed to satisfy its burden.[8]

---

[7] Plaintiff notes that in Defendant's prior letter to he court requesting a pre-motion conference in anticipation of Defendant's motion for summary judgment and the proposed joint pre-trial order, Defendant asserted that Plaintiff was exempt from the FLSA and NYLL overtime provisions in light of the administrative exemption. Accordingly, Plaintiff includes the following proposed instruction. However, to the extent Defendant asserts the applicability of any further exemptions, Plaintiff reserves her right to propose further jury instructions as necessary to conform with the evidence and defenses presented at trial.

[8] Third Circuit Model Civil Jury Instruction 1.11 (discussing "clear and convincing evidence" standard); *Pignataro v. Port Auth. of New York and New Jersey*, 593 F.3d 265, 268 (3d Cir. 2010) (FLSA exemptions narrowly construed); *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008) (employees must "come[] 'plainly and unmistakably' within the exemption's terms") (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)) (emphasis in original); *Davis v. Mountaire Farms, Inc.*, 453 F.3d 554, 556 (3d Cir. 2006) (FLSA exemptions narrowly construed); *Martin v. Cooper Electrical Supply Co.*, 940 F.2d 896, 900 (3d Cir. 1991) ("The

**REQUEST NO. 9**
**ADMINISTRATIVE EXEMPTION – GENERAL INTRODUCTION AND ELEMENTS**

In order to prove that Plaintiff fell within the administrative exemption, Lukoil must prove each of the following three requirements: (1) that Plaintiff was paid a weekly salary of over $455.00; (2) that Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Lukoil or its customers; and (3) that Plaintiff's primary duties included the exercise of discretion and independent judgment with respect to matters of significance.

Here, it is undisputed that Plaintiff received a weekly salary of over $455.00. Thus, you must decide whether Lukoil has proven each of the remaining two elements by a preponderance of the evidence. If you conclude that Lukoil has failed to prove both or either of the remaining elements by a preponderance of the elements, then you must find Plaintiff was not covered by the administrative exemption.

I will not provide you with some further instruction regarding each of the two remaining administrative exemption requirements. [9]

---

burden of proving these exemptions is upon the employer, and if the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden."); *Paul v. UPMC Health System*, 2009 U.S. Dist. LEXIS 19277, *23 (W.D. Pa. March 10, 2009) ("The FLSA exemptions are to be narrowly construed" and " 'If the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden.' "); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1272 (11th Cir. 2008); *Ale v. Tennessee Valley Auth.*, 269 F.3d 680, 691 (6th Cir. 2001); *see also Kanatzer v. Dolgencorp, Inc.*, 2010 U.S. Dist. LEXIS 67798, *7 (E.D. Mo. July 8, 2010); *Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 32322, *18-19 (S.D.N.Y. Mar. 31, 2010); *Paul v. UPMC Health System*, 2009 U.S. Dist. LEXIS 19277, *24 (W.D. Pa. March 10, 2009).

[9] 29 C.F.R. § 778.200(a); *Davis v. Mountaire Farms, Inc.*, 453 F.3d 554, 557 (3d Cir. 2006) (employer must independently satisfy *all* requirement of FLSA exemptions); *Martin v. Cooper Electrical Supply Co.*, 940 F.2d 896, 900 (3d Cir. 1991) ("The burden of proving these exemptions is upon the employer, and if the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden."); *Paul v. UPMC Health System*, 2009 U.S. Dist. LEXIS 19277, *23-24 (W.D. Pa. March 10, 2009) (describing administrative exemption requirements).

**REQUEST NO. 10**
**ADMINISTRATIVE EXEMPTION – PRIMARY DUTY IS PERFORMANCE OF**
**OFFICE OR NON-MANUAL WORK DIRECTLY RELATED TO THE MANAGEMENT**
**OR GENERAL BUSINESS OPERATIONS OF LUKOIL**

The administrative exemption requires Lukoil to prove Plaintiff performed office or non-manual work directly related to the management or general business operations of Lukoil

To meet this requirement, Lukoil must prove that Plaintiff "perform[ed] work directly related to assisting with the running or servicing of the business, as distinguished, for example from . . . selling a product in a retail or service establishment." Work "directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities."

In addition, even if Lukoil proves that Plaintiff "perform[ed] work directly related to assisting with the running or servicing of the business," Lukoil must further prove that these management activities are the "primary duty" of Plaintiff's position. The term "primary duty" means "the principal, main, major, or most important duty" that Plaintiff performed. Factors to consider in determining Plaintiff's primary duties include, but are not limited to, the relative importance of Plaintiff's administrative duties compared to his/her non-administrative duties; the amount of time Plaintiff spent performing administrative work compared to non-administrative work; Plaintiff's relative freedom from direct supervision; and the relationship between Plaintiff's compensation and the wages paid to Lukoil's non-exempt hourly employees.

If you find that Lukoil has failed to satisfy its burden to show that Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Lukoil, then you must find that the administrative exemption does not apply. If, however, you do find that Lukoil has satisfied its burden by a preponderance of the elements, you must then determine whether Lukoil has met its burden on the third element of the exemption.[10]

---

[10] 29 C.F.R. 541.201(a)-(b); 541.700(a)

**REQUEST NO. 11**
**ADMINISTRATIVE EXEMPTION – DISCRETION AND INDEPENDENT JUDGMENT**
**WITH RESPECT TO MATTERS OF SIGNIFICANCE**

To qualify for the administrative exemption, Lukoil must prove by a preponderance of the evidence that Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance. The term "matters of significance" refers to the level of importance or consequence of the work performed. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The phrase "discretion and independent judgment" must be applied in light of all the facts involved in the particular employment situation in which the question arises.

Factors to consider when determining whether Plaintiff exercised discretion and independent judgment with respect to matters of significance include, but are not limited to:

(i)     whether Plaintiff had authority to formulate, affect, interpret, or implement management policies or operating practices;

(ii)    whether Plaintiff carried out major assignments in conducting the operations of the business; whether Plaintiff performed work that affected business operations to a substantial degree, even if Plaintiff's assignments were related to operation of a particular segment of Lukoil's business;

(iii)   whether Plaintiff had authority to commit the employer in matters that have significant financial impact;

(iv)    whether Plaintiff has authority to waive or deviate from established policies and procedures without prior approval;

(v)     whether Plaintiff had authority to negotiate and bind Lukoil on significant matters;

(vi)    whether Plaintiff provided consultation or expert advice to management;

(vii)   whether Plaintiff was involved in planning long- or short-term business objectives;

(viii)  whether Plaintiff investigated and resolved matters of significance on behalf of management; and

(ix)    whether Plaintiff represented the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include, for example, clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.[11]

If you find that Lukoil has failed to satisfy to show, by a preponderance of the evidence, that Plaintiff's primary duty was the exercise of discretion and independent judgment with respect to matters of significance, then you must find that the administrative exemption does not apply. If, however, you find that Lukoil has satisfied its burden by a preponderance of the elements of the two remaining elements to Lukoil's defense, then you must find that the administrative exemption applies and find for Defendant on Plaintiff's overtime claims.

---

[11] Authority: 29 C.F.R. § 541.202(a)-(b), (d)

**REQUEST NO. 12**
**<u>WILLFULNESS</u>**

If you find that defendants violated the Fair Labor Standards Act by failing to pay plaintiffs the minimum wage, overtime wages and spread of hours pay that they were entitled to receive, you then must determine whether their actions amounted to a willful violation. To find defendants' violation was willful, you must find that plaintiffs have proven by a preponderance of the evidence that the defendants knew of their obligation to pay the minimum wages, overtime and spread of hours, and failed to pay it, failed to act in good faith or that defendants recklessly or voluntarily disregarded their obligation to pay overtime wages, and failed to pay them. In other words, a violation of the applicable laws is willful if it is knowing or deliberate or voluntary or in reckless disregard of these obligations. The willfulness standard under the New York Labor Law is the same as the standard I just explained for the Fair Labor Standards Act.

### III.    PLAINTIFF'S RETALIATION CLAIMS

### REQUEST NO. 13
### <u>INTRODUCTION TO PLAINTIFF'S RETALIATION CLAIMS</u>

Plaintiff brings her claims of retaliation against the Defendant pursuant to the Fair Labor Standards Act and the New York Labor Law.

The term "retaliation" can mean many things under the law. In this case, Ms. Benzinger claims that the Defendant retaliated against her after she complained that she was misclassified as an exempt employee and was owed overtime compensation. Both the FLSA and the NYLL make is unlawful for an employer to retaliate against an employee for filing or raising any complaint, or instituting or participating in any proceeding, under the FLSA or the NYLL.

Plaintiff's retaliation claims are analyzed under the same standard. As I just did for Plaintiff's overtime claims, I will now instruct you on the elements of Plaintiff's retaliation claims under the applicable laws.

**REQUEST 14**
**ELEMENTS OF PLAINTIFF'S RETALIATION CLAIMS**

In order to prevail on his claims of retaliation under Title VII and the State Human Rights Law, Plaintiff must first demonstrate a *prima facie* case by proving, by a preponderance of the evidence, that (1) she participated in protected activity known to Lukoil; (2) was subjected to an employment action disadvantaging Plaintiff; and (3) there was a causal connection between Plaintiff's protected activity and the adverse employment action."[12]

Element One - An employee engages in protected activity when he takes any action to protest or oppose statutorily prohibited conduct.[13] To constitute a protected activity known to the defendant, Plaintiff's complaint "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights" protected by the FLSA and/or the NYLL.[14] However, Plaintiff need not demonstrate that she referenced or named the exact laws during her complaint and oral complaints made to Lukoil will suffice to satisfy Plaintiff's burden on the first element of her *prima facie* case.[15]

Here, Plaintiff has asserted that she engaged in protected activity when she made complaints to her manager and Lukoil's Human Resources personnel that she was misclassified as an "exempt" employee and was owed overtime compensation. If you find, by a preponderance of the evidence, that such conduct rises to the level of a formal OR informal complaint, you must find that Plaintiff has satisfied this element of her retaliation claims.

---

[12] *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010); *Santi v. Hot in Here, Inc.*, 18 Civ. 3028 (ER), 2019 WL 290145, at *3 (S.D.N.Y. Jan. 22, 2019); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011).
[13] *Knight v. City of N.Y.*, 303 F.Supp.2d 485, 496 (S.D.N.Y. 2004).
[14] *Greathouse v. JHS Sec., Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (quoting *Kasten v. Saint–Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)).
[15] *Id*.

Element Two – The third element of Plaintiff's retaliation claim requires a showing that Plaintiff suffered an employment action disadvantaging her. An employment action disadvantages an employee if "it well might have 'dissuaded a reasonable worker from making or supporting [similar] charge[s].'"[16]Notably, such action does <u>not</u> need to have effected the terms and conditions of Plaintiff's employment and all actions need to be reviewed in context – what one may see as a trivial inconvenience may be sufficient to persuade another from bringing a complaint under the statutes[17]. If you find that Plaintiff suffered a disadvantageous employment action, then you must find that Plaintiff has satisfied this element of her retaliation claims.

Element Three - Finally, the last element of Plaintiff's retaliation claim requires a causal connection between Plaintiff's complaints of discrimination and the adverse action or actions she suffered. Plaintiff may prove a causal connection, a plaintiff need only show that the protected activity came before the allegedly retaliatory adverse action.[18] There is no specific delay between the protected activity and the alleged adverse action.[19] If you find that the disadvantageous employment action suffered by Plaintiff was causally connected to her complaints to Lukoil, then you must find that Plaintiff has satisfied her burden of demonstrating a prima facie case of retaliation.

---

[16] *Mullins*, 626 F.3d at 53 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

[17] *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015); *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010); *Massaro v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 774 F. App'x 18, 22 (2d Cir. 2019).

[18] *Raniola v. Bratton*, 243 F.3d 610, 624 (2d Cir. 2001).

[19] *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free School Dist.*, 411 F.3d 306, 314 (2d Cir. 2005); *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir.1988).

## IV.    DAMAGES

**REQUEST NO. 15**
**DAMAGES – INTRODUCTORY REMARKS**

I will now give you the instructions for awarding damages. First, the fact that I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendant should be held liable in this case.

If you return a verdict for the plaintiff, then you must consider the issue of damages.  If you return a verdict for the Defendant, then you need not consider damages. Only if you decide that Plaintiff is entitled to recover will you consider the measure of damages.

**REQUEST NO. 16**
**<u>OVERTIME DAMAGES</u>**

If you find that Plaintiff has proven by a preponderance of the evidence her overtime claims, then you must determine the amount of damages, if any, that Defendant's actions have caused Plaintiff. Plaintiff has the burden of proving damages by a preponderance of the evidence. It is the duty of the Court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. You may award an amount that reasonably compensates Plaintiff for any unpaid wages. The damages that you award must be fair compensation, no more and no less.

After you consider Plaintiff's' and Defendant's evidence, you must then determine what you conclude to be the number of hours the Plaintiff worked per week and the wages to which she was entitled, and whether Plaintiff worked in excess of forty hours per week without receiving overtime pay, and how many weeks, if any, this happened.

Your job as jurors is to determine the amount of damages the Plaintiff is entitled to, if any. Using the number of hours Plaintiff worked each week and wages she received, you will calculate the total amount of unpaid overtime wages, if any, Plaintiff is owed. You will be provided a detailed verdict sheet for these calculations.

Notably, you are not required to determine Plaintiff's damages with exactitude. Rather, you are merely required to determine the amount of damages as a matter of just and reasonable inference.[20]

---

[20] *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687-88 (1946); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296-98 (3d Cir. 1991); *see also Martin v. Deiriggi*, 985 F.2d 129, 132 (4th Cir. 1992).

**REQUEST NO. 17**
**DAMAGES – LIQUIDATED DAMAGES**

The FLSA allows for liquidated damages if the defendants conduct is deemed willful. Liquidated damages are common in FLSA cases because the standard for proving willfulness requires only a showing that defendants disregarded their obligation to pay overtime wages. Under the FLSA, liquidated damages are not punitive, but compensatory. They are intended to compensate a worker for any injuries arising from the delay in receiving wages to which he or she is entitled to receive under the law. In contrast, under the New York Labor Law, liquidated damages are punitive and intended to deter employers from willfully withholding wages due their employees. A violation in reckless disregard of the law is one in which an employer fails to take responsibility to discover and comply with the legal requirements. You do not need to find malice or bad faith. If you have found that defendant acted in disregard of the FLSA and/or willfully violated or recklessly disregarded New York Labor Law, you must award Plaintiff liquidated damages in an amount equal to the amount of wages that Plaintiff proved they were owed. In other words, you must double their recovery.[21]

---

[21] New York Labor. Law §§198(1-a); 663(1); *Reilly v Natwest Mkts Group Inc.*, 181 F.3d 252, 265 (2d Cir. 1999) (*quoting Carter v Frito-Lay Inc.*, 425 N.Y,S. 2d 115, 116 (1st Dept. 1980)); *Moon v. Kwon,* 248 F Supp. 2d 201, 235 (S.D.N.Y 2002); *Ayres v. 127 Restaurant Corp*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998).

**REQUEST NO. 18**
**EMOTIONAL DAMAGES**

In addition to financial damages that Plaintiff claims she has suffered, she also claims to have suffered non-pecuniary losses. Non-pecuniary losses are intangible injuries such as emotional pain, suffering, mental anguish, loss of enjoyment of life, loss of health, and injury to character or reputation. Emotional suffering may manifest itself through such things as sleeplessness, anxiety, stress, depression, mental strain, humiliation, loss of self-esteem, excessive fatigue, nervous breakdown, hair loss, ulcers, or headaches. This list of examples of emotional damages is not an exhaustive list, and you may find that other types of symptoms or manifestations also constitute emotional damages[22].

No evidence of the monetary value of such intangible things as a damaged reputation or emotional suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages[23]. The cash value of such damages, should you find Plaintiff proved she suffered any, is entirely up to you as a jury to decide.

---

[22] *See* EEOC Enforcement Guidance on Damages under CRA 91, No. 915.002, 7/14/92.
[23] *Id*.

**REQUEST NO. 19**
**NOMINAL DAMAGES**

If you return a verdict for plaintiff, but find he has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.