UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

KRISTIN BENZINGER, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                  **Plaintiff,**                       **Civ. No.: 16-CV-8533**

        **- v. -**

**LUKOIL PAN AMERICAS, LLC and
LITASCO SA,**

                  **Defendants.**

-------------------------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

Plaintiff Kristen Benzinger (hereinafter "Plaintiff") submits this Memorandum of Law in support of Plaintiff's Motion *in Limine.* In the instant motion, Plaintiff seeks to preclude Defendant Lukoil Pan Americas, LLC (hereinafter "Defendant" or "Lukoil") from calling any witnesses not previously identified during discovery in this action.

### PRELIMINARY STATEMENT

Plaintiff was employed by Defendant at Lukoil's New York office as an executive assistant from approximately April 2013 until her resignation in January 2015. In this action, Plaintiff alleges that, throughout her employment, Lukoil misclassified Plaintiff as an "exempt" employee and failed to properly pay her overtime compensation for any hours worked over forty in a single workweek. In addition, Plaintiff alleges that after complaining about her classification and asserting that she was owed overtime compensation, Lukoil retaliated against her. Plaintiff brings this civil rights action pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

1

While preparing pre-trial submissions in anticipation of the trial in this matter, Defendant has identified two individuals as potential trial witnesses to testify, presumably, in support of Defendant's case-in-chief. However, such individuals should be precluded from testifying as they were not previously identified by Defendant in discovery as potential trial witnesses. As described in detail herein, to allow Defendant, at this late hour, to call two individuals at trial who were never previously identified as potential witnesses would result in the exact type of prejudice and sandbagging the disclosure rules are designed to prevent. Accordingly, Defendant should be precluded from doing so.

## ARGUMENT

### A. The Court's Analysis of Plaintiff's Motion *in Limine*

A district court's inherent authority to manage the court of its trials encompasses the right to rule on motions *in limine*. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Indeed, "[t]he purpose of a motion *in limine* is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citations omitted); *see also Commerce Funding Corp v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ 3796 U.S. Dist. LEXIS 7902, at *9 (S.D.N.Y. May 2, 2005) ("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.")

When a party files an *in limine* motion, "the court is required to determine preliminarily under Fed. R. Evid. 104 whether the evidence is admissible." *Spencer v. Int'l Shoppes, Inc.*, No. 06-cv-2637, 2013 U.S. Dist. LEXIS 25524, at *3 (E.D.N.Y. Feb. 25,

2013) (citing *Highland Capital Mgmt., L.P. v. Schneider*, 379 F.Supp.2d 461, 467 (S.D.N.Y. 2005)).

**B. The Court Should Preclude Defendant from Calling Thomas Rodilosso and Clara Walker at Trial.**

In the Proposed Joint Pre-Trial Order, Defendant has identified two witnesses it plans to call in its case in chief who were not identified by Defendant as witnesses previously. The two witnesses are Thomas Rodilosso (Plaintiff's former supervisor) ("Rodilosso") and Clara Walker (Plaintiff's current supervisor at Columbia University) ("Walker"). As Defendant failed to identify such individuals as potential witnesses in its Rule 26 Initial Disclosures or at any time prior to submitting the parties' JPTO, Defendant should be precluded from calling such witnesses at the trial of this matter.

Fed. R. Civ. P. 26(a) required that parties disclose "each individual likely o have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses…" Fed. R. Civ. P. 26(a)(1)(A)(i). A party who fails to disclose information required by Fed. R. Civ. P. 26(a), or later supplement its disclosures with the information as required by Fed. R. Civ. P. 26(e), is not permitted to use that information at trial *unless* the party demonstrates a substantial justification for its failure to disclose or that tis failure was harmless. Fed. R. Civ. P. 37(c)(1); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 n. 3 (2d Cir. 2006); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Jacquez v. Flores*, No. 10 civ 2881, 2016 U.S. Dist LEXIS 34521, at *18-23 (S.D.N.Y. Mar. 17, 2016); *DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378, at 380-81 (2d Cir. 2012); *Haas v. Del & Hudson Ry. Co.*, 282 F.App'x 84, 86-86 (2d Cir. 2008); *Lebada v. New York City Dep't of Educ.*, No. 14 civ. 758, 2016 U.S. Dist. LEXIS 18461, at *16 (S.D.N.Y. Feb. 16, 2016).

A failure to disclose under Rule 37 includes . . . a party's untimely production of documents and information required to be produced. These rules preserve the Federal Rules of Civil Procedure's crucial role in "mak[ing] a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958)).

Defendant violated Fed. R. Civ. P. 26 by failing to provide notice to Plaintiff in its Rule 26 disclosures and subsequent discovery responses that Rodilosso and Walker were witnesses Defendant intended to call at trial. Here, Defendant served its initial disclosures on August 22, 2017. *See* Declaration of Gabrielle Vinci ("Vinci Decl.") at Ex. 1. Neither Rodilosso nor Walker were identified in Defendant's initial disclosures. *Id*. Moreover, Defendant served responses to Plaintiff's interrogatory requests for the identification of all individuals with relevant knowledge of the facts underlining Plaintiff's claims and all individuals anticipated to be called by Defendant to testify at trial. *See* Vinci Dec. at Ex. 2. Defendant did not identify either Rodilosso or Walker in response to Plaintiff's Interrogatories. *Id.* Notably, Defendant did not name <u>anyone</u> in response to Plaintiff's request for the identification of potential trial witnesses. *Id*.

Fed. R. Civ. P. 37(c)(1) plainly specifies the sanctions for a party's failure to identify a witness in the Rule 26(s) disclosure or interrogatory answers as required by Rule 26(e): "[T]he party is not allowed to use that…witness to supply evidence…at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). *see also News Am. Mktg. FSI LLC. v. MGA Entm't, Inc.*, 187 F.Supp.3d 476, 482 (S.D.N.Y. 2016) (Excluding the testimony of a witness that the Plaintiff did not identify prior to the filing of the joint pre-trial order This Rule is designed to prevent the "sandbagging" of an opposing party with new evidence. *Pal v. N.Y. Univ.*, 2008 U.S. Dis. LEXIS 50902, at *7-8 (S.D.N.Y. June 30, 2008); *CSC Holdings, Inc. v.*

*Berube* 2004 U.S. Dist. LEXIS 28399, at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c)(1) is "designed to avoid … gamesmanship … [and] to provide a strong inducement for disclosure of Rule 26(A) material.") (internal quotation marks omitted).

In deciding whether to exercise its discretion to impose sanctions, a court should consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

First, Defendant has provided no explanation for the failure to comply with his Fed. R. Civ. P. 26 disclosure requirements as to these witnesses. Throughout discovery, Defendant had a continuing obligation to supplement his Fed. R. Civ. P. 26 disclosures in order to avoid surprise at trial but failed to do so. Fed. R. Civ. P. 26(e); see *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). As Defendant never disclosed Rodilosso and Walker in its Fed. R. Civ. P. 26 disclosures, and subsequent discovery responses, Plaintiff was reasonable in her reliance that these individuals would not be called as witnesses by Defendant at trial. *Lebada*, 2016 U.S. Dist. LEXIS 18461, at *20. *See also*, *Agence France Pressse v. Morel*, 293 F.R.D. 682, 687 (S.D.N.Y. 2013) ("To permit entirely unexplained Rule 26 violations to go unsanctioned whenever the evidence at issue is sufficiently important would give parties the perverse incentive to spring especially large and surprising disclosures on their adversaries on the eve of trial").

Second, with respect to Rodilosso in particular, the potential importance of the evidence anticipated to be offered is high in that, Defendants have intimated that Rodilosso will testify as to substantive facts underlying Plaintiff's claims and potential damages, including but not limited to Plaintiff's duties, classification, and compensation. *See* Vinci Decl. at Ex. 3. Plaintiff has no way of knowing or preparing for Rodilosso's testimony on such matters as his name was not previously disclosed as a potential witness and, relying on that, Plaintiff reasonably made a

strategic decision not to depose Rodilosso during discovery, which is now closed. *See* Vinci Decl. at Ex. 4, pg. 19. Moreover, Defendant has only identified Walker as testifying to authenticate documents related to Plaintiff's subsequent employment. *See Id*. at Ex. 3. Defendant has not offered any basis for why Plaintiff's job duties, job application, and role at a subsequent employer is in any way relevant to Plaintiff's allegations that she was misclassified, denied overtime, and retaliated against during her employment with Defendant. As such, it is Plaintiff's contention that Walker's testimony would be entirely irrelevant. Accordingly, as Defendant is now attempting to sandbag Plaintiff with testimony Plaintiff reasonably believed would not be garnered at trial, Plaintiff will be greatly harmed should the two witnesses be permitted to testify.

Third, allowing Defendant to call these two witnesses would be prejudicial to Plaintiff because discovery is closed, thus precluding depositions. In particular, Plaintiff never had the opportunity to depose Rodilosso, whom Defendant apparently intends to call to testify as to substantive facts relevant to Plaintiff's claims and potential damages. Defendant's disclosures in this case affirmatively identify witnesses it intends to call at trial, a representation that Plaintiff should be allowed to rely upon. As Defendant did not identify Rodilosso or Walker, Plaintiff was not aware that Defendant intended on using them as witnesses in this trial.

Finally, discovery in this matter has been long closed and dispositive motions have already been submitted and decided in this matter. While Plaintiff is aware that there is yet to be a scheduled set trial date, such scheduling is based on the ongoing and fluid COVID-19 pandemic, the same pandemic which would make it futile to re-open discovery as Plaintiff would still be limited in her ability to gain discovery related to these two witnesses.

Accordingly, Plaintiff's request that Rodilosso and Walker be precluded from testifying in Defendant's case should be granted.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that Plaintiff's motion *in limine* be granted in its entirety and the Court order such other and further relief as the Court deems just and appropriate.

Dated: May 15, 2020
New York, New York

Respectfully Submitted,

/s/ Megan Goddard
MEGAN GODDARD
Goddard Law, P.L.L.C
39 Broadway, Suite 1540
New York, New York 10006

/s/ Gabrielle Vinci
GABRIELLE VINCI
Nesenoff & Miltenberg, LLP
363 Seventh Avenue
New York, New York 10001