UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KRISTIN BENZINGER,

                Plaintiff,          Case No. 16-cv-8533 (PAE)

     - against -

LUKOIL PAN AMERICAS, LLC.

                Defendant.
--------------------------------------------------------X

# DEFENDANT'S PROPOSED REQUESTS TO CHARGE

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Peter T. Shapiro, Esq.
Adam E. Collyer, Esq.
*Attorneys for Defendants*
77 Water Street, Suite 2100
New York, New York 10005
212-232-1300
Peter.Shapiro@lewisbrisbois.com
Adam.Collyer@lewisbrisbois.com

4842-9765-0620.2

Pursuant to the Individual Practices of the Honorable Paul A. Engelmayer, Defendant respectfully submits the following proposed requests to charge. Defendant reserves the right to modify, amend, or supplement the following proposed jury instructions to address any issues that arise before or during trial, any rulings that the Court may issue before or during trial, or the evidence actually introduced at trial.

**Proposed Jury Instruction No. 1: Nature of Plaintiff's Claims**

In this case, the plaintiff, Kristin Benzinger, claims that Lukoil Pan Americas, LLC improperly classified her as an employee exempt from being paid overtime and reduced her job responsibilities related to human resources in retaliation for her complaining. Specifically, the plaintiff asserts claims under the Fair Labor Standards Act and the New York Labor Law. Defendant Lukoil Pan Americas, LLC denies violating the law and retaliating against the plaintiff, and further states that the plaintiff was properly classified. Later in the case, I will give you more specific instructions regarding the elements of each of the claims and defenses.

**Proposed Jury Instruction No. 2:  Introduction**

Ladies and gentlemen of the jury, we are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Kristin Benzinger or "plaintiff." The party being sued is called the defendant. In this action, the defendant is Lukoil Pan Americas, LLC.

Over the course of this trial, you will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court." When I say, "admitted into evidence" or "received into evidence," I have ruled that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. When I "sustain" an objection, I am excluding that evidence from this trial and you should not consider it when making your decision. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted. If

I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate that I have any opinion about the facts in the case. I will do so to clarify the legal and factual issues for you.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but I ask that you keep in mind the importance of the matter you are here to determine and ask that you will be patient even though the case may seem to go slowly.

**SOURCE:** 3 O'Malley, Grenig & Lee, <u>Federal Jury Practice & Instructions</u> ("Fed. Jury Prac. & Instr."), § 101:01, 30, 31, 49 (6th ed.); 4 Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, <u>Modern Federal Jury Instructions-Civil</u> ("Modern Fed. Jury Instr.-Civil"); Model Civ. Jury Instr. 3rd Cir. 1.1-1.12 (2011) (adapted).

**Proposed Jury Instruction No. 3:  Order of Trial**

The first step in the trial will be the opening statements. In her opening statement, plaintiff's counsel will tell you about the evidence that she intends to put before you, so that you will have a preview of what her case is going to be. It is important that you remember that the opening statement is not evidence. Its purpose is only to help you understand what the evidence will be and what plaintiff will try to prove.

After plaintiff's opening statement, counsel for defendant will make an opening statement, so that you have a preview of the defenses. Similarly, it is important for you to keep in mind that this opening statement is not evidence. At this point in the trial, neither side has offered any evidence.

After both sides have made their opening statements, plaintiff Kristin Benzinger will call her first witness or otherwise offer evidence that she says will support her claim against the defendant. Defendant's counsel will have an opportunity to cross examine plaintiff's witnesses. After plaintiff has had a chance to show you her evidence, the defendant may present evidence on its behalf.  Plaintiff's counsel will then have an opportunity to cross examine defendant's witnesses.

After you have heard all the evidence on both sides, counsel for plaintiff and counsel for defendant will each be given time for their closing arguments. I just told you that the opening statements are not evidence. The same applies to the closing arguments, which are not evidence either. In their closing arguments, the lawyers for plaintiff and defendant will attempt to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decision. Your deliberations will be secret. You will never have to explain your verdict to anyone.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:02-03 (6th ed.) (adapted).

**Proposed Jury Instruction No. 4:  Province of Judge and Jury**

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial. After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. By your verdict, you will decide disputed issues of fact.

I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply. In other words, as Judge, I will decide which rules of law apply to this case. I will make those decisions in response to questions raised by the parties as we go along and also in the final instructions given to you after the evidence and arguments are completed. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

As the jury, you will decide whether plaintiff has proven, by a preponderance of the evidence, that the defendant violated the law. You must base that decision only on the evidence in the case and my instructions about the law.

I am permitted to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.); *see also Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 991 (2d Cir. 1991) ("[A] federal district judge who conducts a jury trial has the duty to see that the facts are clearly presented . . .. In order to do so, the judge is permitted to summarize the evidence for the jury and, if he chooses, to comment on it.  In addition, a judge may also interpose relevant questions to witnesses to clarify both legal and  factual issues and thus minimize possible confusion in the jurors' minds.").

**Proposed Jury Instruction No. 5:  Jury Conduct**

Ladies and gentlemen, to ensure fairness to the parties in this action, you must obey the following rules: Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until after you have reached your verdict. If someone should try to talk to you about the case before then, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. Do not do any research, such as checking dictionaries or searching the Internet, or make any investigation about the case, the parties, the witnesses, or the attorneys on your own.

Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence. If you need to tell me something, simply give a signed note to the [marshal] [clerk] to give to me. To reiterate, during the course of the trial you will receive all the evidence you properly may consider to decide the case. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during

7

the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I expect you will inform me if you become aware of another juror's violation of these instructions. The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:11-13 (6th ed.) (adapted).

**Proposed Jury Instruction No. 6:  Role of The Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nothing I may have said during the trial or what I may say in these instructions is evidence pertaining to any fact. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the either of the parties has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10 (6th ed.); 71 Modern Fed. Jury Instr.- Civil 71.01, 71-1, 71-2.

**Proposed Jury Instruction No. 7:  Note Taking**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

If you decide to take notes, a word of caution is in order. You must not allow your note-taking to distract you from the proceedings. Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Your memory should be your greatest asset when it comes time to deciding this case.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 71.02, 71-16; *see also United States v. Bertolotti*, 529 F.2d 149, 159 (2d Cir. 1975) ("It has been long established in this Circuit that it is within the trial court's discretion to allow the jury to take notes and use them in the course of their deliberations.").

**Proposed Jury Instruction No. 8:  Evidence in This Case**

The evidence in the case consists of the following: the sworn testimony of the witnesses, no matter who called the witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed, admitted by the parties, or stipulated to between the parties, and that you must take as true for purposes of this case.

Where I have declared that I have taken judicial notice of some fact or event, you must accept that fact as true. A stipulation is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. An admission is a concession by a particular party that a certain fact is true. When a party concedes or admits the existence of a fact, you must, unless otherwise instructed, accept the admission as evidence, and regard that fact as proved.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. Furthermore, if a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact.

Any evidence as to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded. Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions. Some

evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on the evidence. I urge you to pay close attention to the testimony as it is given.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.) (adapted).

**Proposed Jury Instruction No. 9:  What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers; questions and objections of the lawyers; testimony, documents, or other information that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.).

**Proposed Jury Instruction No. 10:  Burden of Proof**

This is a civil case. As I mentioned earlier, the plaintiff here is suing the defendant. Plaintiff has the burden to prove every essential element of each of her claim by a preponderance of the evidence. Likewise, the defendant has the burden to prove every essential element of its affirmative defenses by a preponderance of the evidence.

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. One way to think about this is as follows: if you were to put all of the evidence in favor of plaintiff, and all of the evidence in favor of defendant on opposite sides of a scale, plaintiff must make the scale tip to her side. If the scale tips in defendants' favor, or if the evidence is equally balanced, then plaintiff has not met her burden of proof and your verdict must be for the defendant. If, in your view, the scale tips in plaintiff's favor, she has met her burden and your verdict must be for plaintiff.

If plaintiff fails to establish any essential element of his claim by a preponderance of the evidence, you should find for defendant as to that claim. I will explain these elements to you in detail.

Please keep in mind that, when assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses, or how much time one party or another spent on that claim during the trial. Your focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

**SOURCE:** 3 Fed. Jury Prac. & Instr. §§ 101:41, 104:01 (6th ed.) (adapted); Modern Fed. Jury Instr.-Civil 73.01, 73-1, 73-2; *see also* Model Civ. Jury Instr. 9th Cir. 1.3 (2007); Model Civ. Jury Instr. 3rd Cir. 1.10 (2011).

**Proposed Jury Instruction No. 11:  Credibility of Witnesses**

As the trial proceeds, the parties in this action will present you with the evidence they will use to make their cases. They will ask you to draw very different conclusions about various factual issues in the case.

In deciding the facts, you will have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

In this process, ladies and gentlemen, you are the sole judges of the credibility of the witnesses and the weight their testimony deserves. It is your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies? You will watch each witness testify. Everything a witness says or does on the witness stand counts in your determination. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. You should consider the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, the reasonableness and probability of his/her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

To repeat, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

17

**SOURCE:** 3 Fed. Jury Prac. & Instr. §§ 101:43; 105:01 (6th ed.); 4 Modern Fed. Jury Instr.- Civil 76.01, 76-1 -- 76-4; *see also Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952) ("[Jury] should [] take into consideration the whole nexus of sense impressions which they get  from a witness.").

**Proposed Jury Instruction No. 12:  Duty of Impartiality**

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion.

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The fact that one party is a company does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and companies, big or small, are entitled to the same fair consideration as you would give any other individual party.

All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 71.01, 71-4, 72.01, 72-1; 3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10, 103:12 (6th ed.).

**Proposed Jury Instruction No. 13:  Juror's Electronic Communications**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as cell phones, iPhones, Blackberries, the Internet, e-mail, text messaging, Twitter, any blog or website or social media platform, including Facebook, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 103:04 (6th ed.).

**Proposed Jury Instruction No. 14:  Stipulations of Fact**

As I just mentioned, when the lawyers on both sides stipulate or agree to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved. Here, plaintiff and defendants have stipulated to the following facts, all of which you must take as true:

1.  By letter dated March 22, 2013 (the "Offer Letter"), Lukoil offered Benzinger employment in the company's New York City headquarters.

2.  The offer included a 90-day introductory period.

3.  Benzinger accepted Lukoil's offer by executing the Offer Letter on March 23, 2013.

4.  The base wage for Benzinger's position was $85,000 per annum, payable semi-monthly.

5.  Benzinger was eligible for discretionary bonuses.

6.  Benzinger was eligible for a variety of other benefits, including medical and dental insurance, flexible spending accounts, long and short term disability plans, Lukoil's Employee Assistance Program, company-paid and voluntary life insurance, and a 401(k) plan.

7.  Benzinger was eligible to participate in Lukoil's Profit Sharing Plan.

8.  Benzinger began working in Lukoil's New York City office on April 29, 2013.

9.  From April 29, 2013 to July 2014, Benzinger reported directly to Lukoil's two managing directors, James Reynolds and Thomas Rodilosso.

10.  Managing director is the most senior executive position in Lukoil.

11.  From July 2014 until she left Lukoil's employment in February 2015, Benzinger reported to Lukoil's new managing director, Simon Fenner.

12.  Benzinger performed numerous tasks for Rodilosso, Reynolds, and Fenner.

13.  Benzinger earned $85,000.08 in base salary in 2014.

21

14.    Benzinger earned discretionary bonuses for her performance.

15.    In 2014, Benzinger earned a $12,500.00 discretionary bonus.

16.    In March 2014, just prior to her one year anniversary with Lukoil, Benzinger requested a $5,000 raise in her base salary.

17.    Soon after Simon Fenner's hiring, Benzinger sought a meeting with Fenner and Jennifer Diehl, Lukoil's human resources consultant.

18.    The meeting took place; Benzinger discussed that meeting in a September 30, 2014 email to Fenner and Diehl.

19.    At the meeting, Benzinger again requested a $5,000 increase in her base salary and an expanded role in the office.

20.    Benzigner also relayed that her total compensation expectation in the role of Executive Assistant was in the range of $135,000 and $140,000.

21.    Benzinger further sought a fourth week of vacation time.

22.    In response, Fenner advised Benzinger that she would not receive a $5,000 raise.

23.    Fenner told Benzinger that her base salary would be reviewed at an indeterminate point.

24.    Fenner also advised Benzinger that he and Diehl would explore expanding her role and upgrading her opportunities in the mid- and long-term.

25.    Fenner also informed Benzinger that she would not receive a fourth week of vacation.

26.    On October 29, 2014, in response to an email from Fenner, Benzinger thanked him for his response and acknowledged that, while she was disappointed with his initial conclusions, she was excited to work with Fenner on future solutions and evolving her role.

27.    Benzinger then forwarded a proposed job description to both Fenner and Diehl.

28.     Benzinger resigned from Lukoil on January 20, 2015.

29.     Benzinger's last day of employment with Lukoil was February 3, 2015.

**SOURCE:** 4-74 Modern Federal Jury Instructions-Civil P 74.02 (stipulations of fact); 3 Fed. Jury Prac. & Instr. § 102:11 (6th ed.) (same); *Zuchowicz v. United States*, 140 F.3d 381, 392 (2d Cir. 1998) ("[O]nce a fact has been agreed to by both parties and, as a result of such agreement has been submitted to the trial court as a proposed finding of fact, it need not be proved at trial.").

23

**PROPOSED CONCLUDING INSTRUCTIONS**

**Proposed Jury Instruction No. 15:  Duty of the Court**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law as explained in these instructions.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts, and you should not interpret these instructions to suggest that I have an opinion about the facts of this case. You, not I, have the duty to determine the facts.

Before I begin instructing you as to the law, I would like to note that it has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law. Please pay close attention, and I will be as clear as possible.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 103:01, 103:10 (6th ed.); 71 Modern Fed. Jury Instr.- Civil 71.01, 71-1, 71-2; *Franks v. United States Lines Co.*, 324 F.2d 126, 127 (2d Cir. 1963) ("A  [jury] charge must be interpreted as a whole . . . not in individual parts.").

**Proposed Jury Instruction No. 16:  Burden of Proof**

As I told you before the start of the trial, this is a civil case. The plaintiff here bears the burden of proving every essential element of each of his claim by a preponderance of the evidence. When a party has the burden to prove a matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact at issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. One way to think about this is as follows: if you were to put all of the evidence in favor of plaintiff, and all of the evidence in favor of defendant on opposite sides of a scale, plaintiff must make the scale tip to her side. If the scale tips in defendants' favor, or if the evidence is equally balanced, then plaintiff has

not met her burden of proof and your verdict must be for the defendant. If, in your view, the scale tips in plaintiff's favor, she has met her burden and your verdict must be for plaintiff.

If plaintiff fails to establish any essential element of his claim by a preponderance of the evidence, you should find for defendant as to that claim. I will explain these elements to you in detail.

Please keep in mind that, when assessing whether a party has met its burden of proof on any claim, the question is not which party called the greater number of witnesses, or how much time one party or another spent on that claim during the trial. Your focus must always be on the quality of the evidence: its persuasiveness in convincing you of its truth.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:41, 104:01 (6th ed.) (adapted); 4 Modern Fed. Jury Instr.-Civil 73.01, 73-1, 73-2 (2014); *see also Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) ("To establish a fact by a preponderance of the evidence means to prove that the fact is more  likely true than not true."); Model Civ. Jury Instr. 9th Cir. 1.3 (2007); Model Civ. Jury Instr. 3rd  Cir. 1.10 (2011).

**Proposed Jury Instruction No. 17:  Direct and Circumstantial Evidence**

As I mentioned to you before the start of the trial, there are two types of evidence presented during a trial -- direct evidence and circumstantial evidence. "Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. In other words, direct evidence is when a witness testifies about something he knows by virtue of his own senses -- something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

"Circumstantial evidence" is proof of one or more facts from which you could find another fact. In other words, it is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. Circumstantial evidence tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence, and you should consider both kinds of evidence. You are to decide

27

how much weight to give any evidence you have been presented at trial. A greater degree of certainty is not required of circumstantial evidence. In other words, circumstantial evidence is of no less value than direct evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**SOURCE:**  3 Fed. Jury Prac. & Instr. §§ 101:42; 104:05 (6th ed.); 4 Modern Fed. Jury Instr.- Civil 74.01 (2014); *see also Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.").

**Proposed Jury Instruction No. 18:  Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason, and common sense lead you to draw from facts established by the evidence in the case.

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 75.01. 75-1; *see also Schulz v. Pennsylvania R. Co.*, 350 U.S. 523, 526 (1956) ("The very essence of [the jury's] function is to select from among conflicting inferences and conclusions that which it considers most reasonable. Fact finding does not require mathematical certainty. Jurors are supposed to reach their conclusions on the basis of common sense, common understanding and fair

29

beliefs, grounded on evidence consisting of direct statements by witnesses or proof of circumstances from which inferences can fairly be drawn."); *Wilkins v. American Export  Isbrandtsen Lines, Inc.*, 446 F.2d 480, 484 (2d Cir. 1971) ("Of course, in some situations proof  of one fact provides a basis for inferring another.").

**Proposed Jury Instruction No. 19:  Credibility of Witnesses**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true, and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence aligned with or contrary to the testimony. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Everything a witness said or did on the witness stand counts in your determination. As I mentioned before the trial began, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. In other words, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict.

You should consider the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case, the opportunity the witness had to see, hear, and know the

things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, his/her intelligence, and the reasonableness and probability of his/her testimony. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood. Always remember that you should use your common sense, your good judgment, and your own life experience. After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

Please keep in mind that the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 105:01 (6th ed.); 4 Modern Fed. Jury Instr.-Civil 76.01, 76-1.

**Proposed Jury Instruction No. 20:  Prior Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. Evidence of a prior inconsistent statement or conduct is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement is before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**SOURCE:** 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.); 4 Modern Fed Jury Instr.-Civil 76.01, 76-5; *see also Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000) ("To the extent  that there is a conflict in a witness's testimony, such a conflict affects the weight of the  testimony, not its admissibility.  The weighing of the evidence is a matter for the trier of fact.")  (internal citations omitted).

## CLAIMS & DAMAGES

Now that I have given you general instructions on the law, I will turn to the specific instructions concerning the allegations made in this case.

### Proposed Jury Instruction No. 21:  Nature of the Claim

Plaintiff Kristin Benzinger claims that defendant Lukoil Pan Americas, LLC misclassified her as an employee exempt from overtime and retaliated against her by reducing the human resources-related portions of her job duties because she complained.

Defendant denies violating the law, denies retaliating against Plaintiff, and asserts that Plaintiff was classified and paid properly. I will give you more specific instructions regarding the elements of each of plaintiff's claims.

34

**Proposed Jury Instruction No. 22: The Fair Labor Standards Act and New York Labor Law**

The Federal statute in this action is the Fair Labor Standards Act ("FLSA"). The FLSA establishes fair labor standards in employment affecting interstate commerce. It regulates the hours and wages of employees. It also requires employers to pay certain employees specific overtime compensation.

The State statute in this action is the New York Labor Law ("NYLL"). The NYLL establishes fair labor standards in employment in New York State. Like the FLSA, the NYLL regulates the hours and wages of employees and requires employers to pay certain employees specific overtime compensation. For your purposes, the NYLL and FLSA provide identical protections for employees.

**SOURCE:**    29 U.S.C. § 201, et seq.; 12 N.Y.C.R.R. § 142-2.2

**Proposed Jury Instruction No. 23: Overtime Pay Under the FLSA and NYLL**

The FLSA and the NYLL require overtime compensation to be paid at the rate of one and one-half times the "regular rate" for hours worked in excess of 40 hours in a given workweek. The "regular rate" is the hourly rate actually paid to the employee for the normal non-overtime workweek

35

for which the employee is employed.  The hourly rate of pay is determined by dividing the employee's total work week remuneration by the number of hours worked during that workweek.

Some employees work in jobs where there is no requirement to pay the overtime premium of one and one half times the regular rate. Because those employees fall into several exemptions to the FLSA and NYLL overtime requirements, they are considered "exempt."

**SOURCE:** 29 U.S.C. § 207; 12 N.Y.C.R.R. § 142-2.2; *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945)

**Proposed Jury Instruction No. 24:  The Administrative Exemption**

In case you are deciding, the parties agree that the plaintiff worked for the defendant from March 22, 2013 to February 3, 2015. It is undisputed that plaintiff earned a salary of $85,000 per year. The plaintiff claims that the defendant misclassified her as an exempt employee and, thus, did not pay her the overtime rate that she was entitled to for hours worked over 40 in any given workweek that she throughout her employment. The defendant asserts an affirmative defense that the plaintiff was properly classified as an exempt employee and was not entitled to overtime because the plaintiff falls under the "white collar" exemption, which applies to employees who work in a "bona fide executive, administrative, or professional capacity."

Specifically, Defendant asserts that Plaintiff falls under the administrative exemption. In order to find that Plaintiff was exempt under the administrative exemption, the defendant must establish the following elements:

1.  Plaintiff earned at least $455 per week;

2.  Plaintiff's primary duty was to perform office or non-manual work that is directly related to the management or general business operations of the company or the company's customers; and,

3.  Plaintiff exercised discretion and independent judgment with respect to matters of significance.

If you determine that the defendant established these three elements, the plaintiff is an exempt employee under both the FLSA and NYLL.  If the plaintiff is an exempt employee, she is not entitled to overtime compensation and your verdict must be for the defendant.

**SOURCE:**    29 U.S.C. § 213; 29 C.F.R. §§ 541.200, 541.204

**Proposed Jury Instruction No. 25:  FLSA and NYLL Retaliation**

The FLSA provides that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3). The NYLL contains the same restriction.

In this case, the plaintiff alleges that she complained about being misclassified, and that the defendant retaliated against her by removing her human resources-related job duties from her. The defendant denies those allegations.

The plaintiff is required to establish the following elements by a preponderance of the evidence. First, the plaintiff must establish a *prima facie* case of retaliation by proving, by a preponderance of the evidence, that:

1.      She participated in an activity, such as making a complaint, that is protected by the FLSA and NYLL's anti-retaliation provision;

2.      The defendant took an employment action disadvantaging the plaintiff;

3.      There is a causal connection between the protected activity and the employment action taken by the defendant.

Each of these elements is defined further later. If the plaintiff establishes those elements by a preponderance of the evidence, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the employment action taken. The defendant only has to articulate a reason; it does not have to establish that reason by a preponderance of the evidence.

After the defendant articulates a reason, the plaintiff must then prove by a preponderance of the evidence that the defendant's proffered rationales were false, and that more likely than not retaliation was the real reason for the employment action.

**SOURCE:** *Mullins v. City of New York,* 626 F.3d 47, 53 (2d Cir. 2010); *see Santi v. Hot in Here, Inc.,* 18 Civ. 3028 (ER), 2019 WL 290145, at \*3 (S.D.N.Y. Jan. 22, 2019); *see also Copantitla v. Fiskardo Estiatorio, Inc.,* 788 F. Supp. 2d 253, 302 (S.D.N.Y. 2011)

**Proposed Jury Instruction No. 26: Definition of Protected Activity**

For a plaintiff to show she participated in "protected activity," her complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the FLSA and NYLL and a call for their protection.

An oral complaint made to an employer is sufficient to meet the definition of protected activity, but the employee must make the assertion of rights plain. Abstract grumblings or amorphous expressions of discontent related to wages and hours are not sufficient to establish that the plaintiff engaged in protected activity.

**SOURCE:**   *Vasto v. Credico (USA) LLC*, 15 Civ. 9298 (PAE), 2017 WL 4877424, at *21 (S.D.N.Y. Oct. 27, 2017); *Greathouse v JHS Sec., Inc.*, 784 F.3d 105, 116 (2d Cir. 2015)

40

**Proposed Jury Instruction No. 27:  Definition of Employment Action that Disadvantages an Employee**

An employment action disadvantages an employee if it well might have dissuaded a reasonable worker from making or supporting similar charges.

**SOURCE:** *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010)

**Proposed Jury Instruction No. 28:  Definition of Causal Connection**

A causal connection between a plaintiff's alleged protected activity and the adverse action allegedly taken by a defendant may be established through evidence of retaliatory animus directed against a plaintiff by the defendant or by showing that the protected activity was closely followed in time by the adverse action.

**SOURCE:**    *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991); *Manoharan v. Columbia Univ. Coll. Of Physicians & Surgeons*, 842, F.2d 590, 593 (2d Cir. 1988)

**Proposed Jury Instruction No. 29:  Wage Statement and Wage Notice Claim**

New York law requires employers to provide written notice (a "wage notice") to employees concerning specific categories of information regarding the employee's wages within ten business days of his or her first day of employment. Specifically, a wage notice must contain the following information: rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

New York law also requires employers to furnish each employee with a wage statement, colloquially known as a pay stub, with every payment of wages.  The wage statement must contain the following information: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**SOURCE:** NYLL § 195

43

**Proposed Jury Instruction No. 30: Affirmative Defense to Wage Statement and Notice Claims**

New York law also provides an affirmative defense for an employer who fails to provide the time-of-hire wage notice or regular wage statements. Specifically, an employer will not be liable for wage statement or wage notice claims if it can establish either:

1. The employer made complete and timely payment of all wages due to the employee; or,

2. The employer reasonably believed in good faith that it was not required to provide the employee with a wage notice/wage statement.

If you determine either of the foregoing applies to the defendant in this case, you must render a verdict in its favor.

**SOURCE:** NYLL § 198

**Proposed Jury Instruction No. 31:  Damages for Overtime Claim**

In the event that you are convinced by the evidence that the defendant violated the FLSA and NYLL and misclassified plaintiff as an exempt employee under the administrative exemption, then you must determine the amount of damages the plaintiff has suffered.  You must determine the difference between what you find the plaintiff was paid and what you find out that she should have been paid.  That difference is the amount of damages.

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the plaintiff's damages, no more, and no less. Damages are not allowed as punishment and cannot be imposed or increased to penalize the defendant.  Damages also do not include sums for court costs or attorneys fees.

Damages cannot be based on speculation or guesswork. Only actual damages can be recovered.

**SOURCE:** Model Jury Instr. Emp. Lit, § 7.05 [2], at 367

**Proposed Jury Instruction No. 32:  No Punitive Damages for Overtime Claim**

If you determine that the plaintiff is entitled to damages, in fixing the amount of your award, you may not include, or add to an otherwise just award, any sum for the purpose of punishing the defendant or to serve as an example or warning for others.

**SOURCE:**  Model Jury Instr. Emp. Lit, § 7.05 [3], at 369.

**Proposed Jury Instruction No. 33: Damages for Retaliation Claim**

If you find that plaintiff proved her retaliation claim, you may choose to award damages as will compensate the plaintiff for any emotional distress that she has proven by a preponderance of the evidence. You are not required to award emotional distress damages even if you find in plaintiff's favor.

A compensatory award for emotional distress in a retaliation action may be based on testimonial evidence alone and is not preconditioned on whether the plaintiff underwent treatment, psychiatric or otherwise. Damages for emotional distress, however, cannot be assumed simply because discrimination has occurred.

Emotional distress awards can generally be grouped into three categories of claims: "garden-variety," "significant" and "egregious."'

In garden variety emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury. Such claims typically lack extraordinary circumstances and are not supported by any medical corroboration.

"Significant" emotional distress claims differ from the garden-variety claims in that they are based on more substantial harm or more offensive conduct, are sometimes supported by medical testimony and evidence, evidence of treatment by a healthcare professional and/or medication, and testimony from other, corroborating witnesses.

Finally, "egregious" emotional distress claims generally involve either outrageous or shocking discriminatory conduct or a significant impact on the physical health of the plaintiff.

**SOURCE:** *Nana v. Le Viking, LLC*, No. 17-CV-928 (CM) (OTW), 2019 U.S. Dist. LEXIS 120842, *12-13 (S.D.N.Y. July 19, 2019); *MacMillan v. Millenium Broadway Hotel*, 873 F. Supp. 2d 546, 560 (S.D.N.Y. 2012)

**Proposed Jury Instruction No. 34: Damages for Wage Notice and Wage Statement Claims**

If you find that the plaintiff was not provided a complete wage notice within the first ten business days of her employment with defendant and that defendant has not established its affirmative defense, the employee may recover damages of fifty dollars for each work week that the violation occurred or continued to occur. The total amount of damages for a wage notice claim cannot exceed $2,500.

If you find that the plaintiff was not provided a complete wage statements with each payment of wages and that defendant has not established its affirmative defense, the employee may recover damages of $100 for each work week that the violation occurred or continued to occur. The total amount of damages for a wage statement claim cannot exceed $2,500.

**SOURCE:** NYLL § 198

## PROPOSED CONCLUDING INSTRUCTIONS

I will now provide you with general instructions concerning how you should go about arriving at your verdict. Your verdict is essentially your decision regarding the facts in this case, and more specifically, whether or not they demonstrate by a preponderance of the evidence that defendants have broken the law.

**Proposed Jury Instruction No. 35: Right to See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony -- in fact any communication with the Court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**SOURCE:** 4 Modern Fed. Jury Instr.-Civil 78.01, 78-1.

**Proposed Jury Instruction No. 36:  Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send  a note by a marshal, signed by your foreperson or by one or more members of the jury.  No  member of the jury should ever attempt to communicate with me by any means other than a  signed writing.  I will never communicate with any member of the jury on any subject touching  the merits of the case otherwise than in writing, or orally here in open court.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:08 (6th ed.).

**Proposed Jury Instruction No. 37:  Duty to Deliberate**

Your verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

In order to prevail, plaintiff must sustain her burden of proof by a preponderance of the evidence with respect to each element of his claim. If you find that plaintiff has succeeded in doing so, you should return a verdict in her favor on that claim. If you find that plaintiff failed to sustain her burden on any element of his claim, you should return a verdict against plaintiff. Similarly, if you find that the defendant have failed to sustain its burden with respect to any element of its affirmative defenses, you must return a verdict against the defendant on that affirmative defense.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:01 (6th ed.).

**Proposed Jury Instruction No. 38:  Election of Foreperson**

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court. Verdict forms have been prepared for your convenience.

*[Read forms of verdict].*

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that  sets forth the verdict upon which you unanimously agree.  You will then return with your verdict  to the courtroom.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:04 (6th ed.).

52

**Proposed Jury Instruction No. 39:  Verdict Forms -- Jury's Responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to  what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty  and responsibility.

**SOURCE:**  3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.).

**Proposed Jury Instruction No. 40:  Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given  to you, sign and date it and advise the marshal outside your door that you are ready to return to  the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced  in Court.  Once your verdict is announced by your foreperson in open Court and officially  recorded, it cannot ordinarily be revoked.


**SOURCE:**  4 Modern Fed. Jury Instr.-Civil 78.01, 78-6.