UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KRISTIN BENZINGER,

                                               Case No. 16-CV-8533 (PAE)

                    Plaintiff,

         - against -

LUKOIL PAN AMERICAS, LLC,

                    Defendant.
------------------------------------------------------------X

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendant*
77 Water Street, Suite 2100
New York, NY 10005
212-232-1300

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..........................................................................................................1

STATEMENT OF FACTS ...............................................................................................................2

ARGUMENT ...................................................................................................................................2

    PLAINTIFF CANNOT ESTABLISH A BASIS TO RECOVER PUNITIVE DAMAGES ..................................................................................................................2

CONCLUSION .................................................................................................................................6

**PRELIMINARY STATEMENT**

Defendant Lukoil Pan Americas, LLC ("Lukoil"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum of law in support of its supplemental motion for summary judgment on plaintiff Kristin Benzinger's ("Plaintiff") demand for punitive damages on her retaliation claim. As demonstrated below, the issue of punitive damages should not be presented to the jury as Plaintiff has not adduced any evidence that would present a possible basis for recovery of such damages.

The only adverse action Plaintiff claims she was subjected to in retaliation for her complaints about her compensation is that Lukoil removed human resources duties as one of her responsibilities. Plaintiff concedes she was never employed as part of Lukoil's human resources department. Instead, she held the position of executive assistant and reported directly to Lukoil's managing director, not to anyone in HR. More importantly, though, there is no evidence in the record that could plausibly establish that Lukoil retaliated against Plaintiff with malice or reckless indifference. Lukoil continued to treat Plaintiff well after her misclassification complaint as it had done before. She was given an audience by the company's human resources consultant and its most senior executive, who offered to investigate the matter further. After she declined that offer and later gave notice, Plaintiff's supervisor again tried to resolve matters amicably prior to her departure. It is apparent that these are not the "reprehensible" actions that could warrant the imposition of punitive damages. Accordingly, this supplemental motion should be granted as to Plaintiff's remaining punitive damages claim.

**STATEMENT OF FACTS**

Defendant respectfully refers the Court to its Statement of Material Facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York submitted herewith for a full recitation of the facts relevant to this supplemental motion, and to the previously submitted motion papers.

**ARGUMENT**

**PLAINTIFF CANNOT ESTABLISH A BASIS TO RECOVER PUNITIVE DAMAGES**

While "[t]he FLSA does not explicitly authorize an award of punitive damages for retaliation," the Southern District "has generally been receptive to granting punitive damages for retaliation." *Greathouse v. JHS Sec., Inc.*, No. 11 Civ. 7845 (PAE)(GWG), 2015 U.S. Dist. LEXIS 154388, *12 (S.D.N.Y. November 13, 2015). Plaintiffs seeking such damages must "present evidence that the employer retaliated against [them] with conscious knowledge that it was violating the law, or that [they] engaged in egregious or outrageous conduct from which an inference can be drawn." *Tepperwien v. Entergy Nuclear Operations*, 663 F.3d 556, 573 (2d Cir. 2011); *Azkour v. Little Rest Twelve,* No. 10-cv-4132 (RJS), 2015 U.S. Dist. LEXIS 18141, *25-26 (S.D.N.Y. February 12, 2015).

Although punitive damages for FLSA retaliation are available, the imposition of such damages is "singularly rare." *Supreme Showroom, Inc. v. Branded Apparel Grp. LLC,* No. 16 Civ. 5211 (PAE), 2018 U.S. Dist. LEXIS 107902, *41 (S.D.N.Y. June 27, 2018), citing *Rand & Paseka Mfg. Co. v. Holmes Prot. Inc.*, 130 A.D.2d 429 (1st Dep't 1987). Indeed, the courts in this Circuit that have assessed punitive damages awards against defendants have done so only when the defendant has engaged in "reprehensible" conduct not present here, even considered in the light most favorable to Plaintiff. For example in *Greathouse*, the Court held that the defendant's "conduct is easily categorized as 'reprehensible'" because the defendant "took advantage of [the plaintiff's]

vulnerability for many years, and implicitly threatened Greathouse's life by brandishing a gun when he finally confronted [defendant] to request his pay." 2015 U.S. Dist. LEXIS 154388 at *18. Similarly, in *Perez v. Jasper Trading, Inc.*, No. 05-CV-1725 (ILG)(VVP), 2007 U.S. Dist. LEXIS 103814, *19 (E.D.N.Y. November 27, 2007), punitive damages were recoverable against a defendant who told the plaintiffs who complained about unpaid wages that "he would call the government, and more specifically immigration officials," "warned [plaintiffs] that he knew where they lived, the fact that they were not properly documented, and threatened to send the authorities to their new place of employment."[1]

Here, Plaintiff seeks "[p]unitive damages, as provided by law, in connection with Plaintiff's … retaliation claims." *See* Amended Complaint, Prayer for Relief, Section (h). The sole allegation remaining in this case related to Plaintiff's retaliation claims is that her human resources duties were removed. *See* ECF Docket Entry No. 89 at 42. Specifically, Plaintiff asserts that she "complained about [Lukoil's] HR Practices in relation to paying overtime and therefore [Plaintiff] believe[s] [she] was removed from HR projects." *See* Plaintiff's Deposition Transcript, Exhibit B[2] at 197. There is, however, insufficient evidence to establish Plaintiff's entitlement to punitive damages based on these facts.

First, there was no retaliation in this case because Lukoil did not remove any of Plaintiff's actual job responsibilities. Plaintiff's duties – as forth on the first page of the March 22, 2013 offer letter (the "Offer Letter") – do not include human resources matters. *See* Offer Letter, Exhibit A.

---

[1] *See also Arias v. Raimondo,* 860 F.3d 1185 (9th Cir. 2017) (punitive damages could be recovered based on the acts of the employer's attorney, who attempted to derail the employee's case shortly before trial by notifying ICE of the employee's immigration status including by scheduling the employee's deposition and then telling ICE where it could find the employee that day.

[2] All referenced exhibits are attached to the Declaration of Adam E. Collyer, dated March 15, 2021, unless otherwise noted.

Plaintiff reported at all times directly to Lukoil's managing director, rather than Jennifer Diehl, the company's human resources consultant. *Id.* Importantly, while Plaintiff wished "to be involved in the HR department" because she was interested in HR, in general," she concededly never actually worked for Lukoil's human resources department. *See* Simon Fenner Deposition Transcript, Exhibit C at 60:6-19. Lukoil cannot have retaliated against this employee by removing duties that were never actually hers.

Beyond evidence relating to the underlying retaliation claim, any conduct alleged by Plaintiff simply does not rise to the necessary level to withstand this motion for summary judgment. As the Court points out in its February 8, 2021 Opinion and Order deciding the parties' respective motions *in limine*, the evidence supporting Plaintiff's punitive damages claim is "marginal," particularly in light of "Fenner's offer (declined by Benzinger) to look further into her misclassification claims after she had complained about her alleged misclassification." *See* ECF Docket Entry No. 115 at 17. After seeking a meeting with Lukoil's most senior executive and its human resources consultant, Plaintiff raised the prospect of her purported misclassification. *See* Email from Plaintiff, Exhibit E. By email, dated October 21, 2014, Plaintiff sought further clarification regarding her compensation. *See* Email Exchange between Plaintiff and Simon Finner, Exhibit F at 2.  Eight days later, on October 29, Fenner responds and commits to "work with Jenn [Diehl] to determine if [Plaintiff] should be a non-exempt employee." *Id.* Just three days after Fenner's commitment to review her position, Plaintiff walked back her misclassification allegation. Specifically, Plaintiff asserts "[t]he exempt vs. non[-exempt] concept is not an angle [Benzinger] wish[ed] to pursue due to the nature of the business and [Fenner's] concept of flexibility and quality of life work balance," especially since "[c]alculating hours worked is a waste of time[.]" *See* Exhibit F at 1.

In seeking punitive damages, Plaintiff would have the Court believe that, after declining her supervisor's receptiveness to her complaint coupled with his offer to "look further into her misclassification claims," that same supervisor then allegedly removed duties from her plate in reckless disregard of federal law. *See* ECF Docket Entry No. 115 at 17. There is no evidence to support such a finding. Fenner did not attempt to push Plaintiff out or threaten Plaintiff with physical violence. He did not attempt to extort her by threatening to call government authorities to haul her away from her family, friends, and the life she led. The conduct in question is in no way comparable to that found sufficiently egregious to warrant the recovery of punitive damages in the *Greathouse* and *Perez* cases discussed above. In fact, the conduct stands in marked contrast to such improper reprisal. Even though Fenner had only recently become the managing director, he met with Plaintiff to address a litany of questions and agreed to look further into a prospective misclassification claim only to be rebuffed. When Plaintiff later gave notice and reanimated the misclassification issue, Fenner calculated "good faith estimates of something that could be the basis for an amicable settlement" and presented them to her prior to her departure. *See* Exhibit C at 74:1-14, 76:8-14, 77:15-20. In short, he never took any action against her to punish her, and certainly any action he supposedly took was not severe or egregious and does not warrant the extraordinary relief of a punitive damages award.

Courts have not hesitated to permit the recovery of punitive damages in the FLSA retaliation context when the employer engages in a serious act of reprisal such as terminating the employee for his or her protected conduct. E.g., *Travis v. Gary Cmty. Mental Health Ctr.,* 921 F.2d 108 (7th Cir. 1990) (upholding award of $45,500 in punitive damages for FLSA retaliation where the employer fired a supervisor who testified in an employee's FLSA case); *Lambert v. Ackerly,* 180 F.3d 997 (9th Cir. 1999) ( upholding $4,182,000 punitive damages award against employer which fired employees

who complained about overtime violations). This is plainly not such a case. Since Plaintiff concedes she was not terminated or even constructively discharged, and she voluntarily resigned to accept a higher paying position with greater responsibility, there is no comparable basis to permit the recovery of punitive damages.

Courts have not hesitated to grant summary judgment dismissing punitive damages claims prior to trial in various kinds of cases where the defendant's conduct did not rise to the necessary level. For example, in *Santa Medina v. Delta Air Lines, Inc.*, the Court dismissed plaintiff's punitive damages claim because allegations that a defendant's employee used and operated a vehicle that struck him was "not enough to impose punitive damages." No. 09-CV-4018 (NGG) (LB), 2011 U.S. Dist. LEXIS 91174 at *23 (E.D.N.Y. Aug. 15, 2011).  In *Townes v. Cove Haven, Inc.*, the Court granted summary judgment for defendant in a negligence action because the plaintiff did not "establish[] any evidence suggesting that" the defendants acted with "an evil motive or conscious disregard of a risk they actually appreciated" when it did not correct certain conditions in a resort pool that resulted in a drowning death.  No. 00 CV 5603 (RCC), 2004 U.S. Dist. LEXIS 21593 at *16 (S.D.N.Y. Oct. 26, 2004).

As Lukoil's conduct is hardly reckless or malicious conduct, and given all of the undisputed facts, Plaintiff is not able to establish a basis to recover punitive damages.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant Defendant's supplemental motion for summary judgment and dismiss Plaintiff's punitive damages claim, with prejudice.

Dated:   New York, New York
         March 15, 2021

        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Peter T. Shapiro
     Peter T. Shapiro, Esq.
     Adam E. Collyer, Esq.
     *Attorneys for Defendant*
     77 Water Street, Suite 2100
     New York, NY 10005
     212-232-1300
     Peter.Shapiro@lewisbrisbois.com
     Adam.Collyer@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I served the within Memorandum of Law upon the attorney for plaintiff and filed same via ECF on March 15, 2021.

                                                   /s/ Adam E. Collyer
                                                     Adam E. Collyer