# RELEASE AND SETTLEMENT AGREEMENT

AGREEMENT made as of the last date in the signature blocks, **between KRISTIN BENZINGER** ("Plaintiff" or "Benzinger") and **LUKOIL PAN AMERICAS, LLC** ("Defendant") (together, Plaintiff and Defendant are the "Parties").

## W I T N E S S E T H:

**WHEREAS**, Plaintiff has alleged, *inter alia*, that Defendant discriminated and retaliated against her in violation of federal, state, and local law, and that it failed to pay her certain wages and violated wage and hour laws in connection with her employment with Defendant in an action in the United States District Court for the Southern District of New York, filed November 2, 2016, bearing docket number 16-CV-8533 (PAE) (the "Action"); and

**WHEREAS**, the Court (Engelmayer, J.) issued an Order, dated March 20, 2020, dismissing Plaintiff's claims under the New York State Human Rights Law and New York City Human Rights Law; and

**WHEREAS**, Defendant denied and continues to deny the allegations made against it by Plaintiff, or that it engaged in any other wrongful conduct against Plaintiff; and

**WHEREAS**, the Parties wish to avoid the burdens and expense of protracted litigation; and

**WHEREAS**, the Parties have agreed to settle all existing remaining disputes between them, including, but not limited to, those allegations set forth in the Action, pursuant to the terms and conditions of the within release and settlement agreement ("Agreement");

**NOW, THEREFORE,** in consideration of the mutual covenants and undertakings set forth herein, Plaintiff and Defendant agree as follows:

The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.

1. **Settlement Payment.**

    a.   Defendant agrees to pay or cause to be paid to Plaintiff a total sum of EIGHTY FIVE THOUSAND dollars and ZERO cents ($85,000.00) within 30 days following judicial approval of this Agreement. Plaintiff acknowledges and agrees that her entitlement to this

payment is expressly conditioned upon her fulfillment of the terms and conditions of this Agreement, including but not limited to: (a) the withdrawal and cessation with prejudice of any action or proceeding, including but not limited to the Action, as described in paragraph 2 below; and (b) her execution of this Agreement. Said sum will be paid in the form of three (3) checks:

    (1)    The first check will be in the amount of Twenty-Seven Thousand One Hundred and Four Dollars and Eighty Cents ($27,104.80), made payable to "Kristin Benzinger."

    (2)    The second check will be in the amount of Twenty-Seven Thousand One Hundred and Four Dollars and Eighty Cents ($27,104.80), less applicable deductions, and made payable to "Kristin Benzinger."

    (3)    The third check will be in the amount of Thirty Thousand Seven Hundred Ninety Dollars and Forty Cents ($30,790.40), made payable to "Nesenoff & Miltenberg, LLP.", Plaintiff's attorneys, as and for Plaintiff's attorneys' fees and costs.

    b.    It is intended by Plaintiff that of the settlement payment made to Plaintiff in accordance with paragraphs 1.a(1) be in the nature of damages for claimed liquidated damages and it is intended by Plaintiff that this payment is not to be treated as wages, and, therefore, will not be subject to withholding taxes. Thus, Defendant will not withhold any sums from these portions of the settlement payment. Plaintiff shall provide Defendant with a fully executed W-9 form as a pre-condition to the issuance of this check. Plaintiff shall receive an IRS Form 1099 with respect to the payment referred to in this subparagraph.

    c.    The portions of the settlement payment in paragraph 1.a(2) above shall constitute the payment of wages and will, therefore, be subject to normal payroll taxes and withholdings by Defendant. Defendant shall issue an IRS Form W-2 to Plaintiff for the payment referred to in this subparagraph.

    d.    It is intended by Plaintiff that the portion of the settlement payment in paragraph 1.a(3) is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2). Plaintiff and her attorneys shall each receive an IRS Form 1099 with respect to these payments. Plaintiff and her attorneys shall each provide Defendant with a fully executed W-9 form as a pre-condition to the issuance of these checks.

e.  Plaintiff acknowledges and agrees that Defendant is not providing any tax advice or representation by this Agreement. To the extent there are any additional tax consequences to Plaintiff and/or Defendant arising from the payment of portions of the settlement amount, Plaintiff agrees to indemnify and hold Defendant harmless for all additional taxes, interest and penalties. Plaintiff further agrees to indemnify and hold Defendant harmless for any costs, including reasonable attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary and are successful.

f.  The parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under this Paragraph 1 or pertaining to the payments being made hereunder.

g.  In the event of a breach of this Agreement for Defendant's failure to timely make settlement payments in accordance with the time set forth in Paragraph 1.a, Plaintiff shall send written notice of such breach by e-mail and first-class mail to Defendant's counsel, Adam E. Collyer, Lewis Brisbois, 77 Water Street, 21st Floor, New York, New York 10005, adam.collyer@lewisbrisbois.com. Upon notice of such breach, Defendant shall have five (5) business days to cure such breach. In the event Defendant fails to cure such breach, Plaintiff shall be entitled to bring an action to enforce this Agreement consistent with Paragraph 7 herein.

2.  **Release of Claims.**

a.  As a material inducement to Defendant to enter into this Agreement, Plaintiff, on behalf of herself, her heirs, successors, representatives, assigns, attorneys, agents, executors and administrators ("Releasor"), hereby irrevocably and unconditionally releases, acquits, and forever discharges Defendant, its present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, tenants, stockholders, representatives, insurers, reinsurers, attorneys, heirs, agents, executors and administrators in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these including but not limited to Litasco SA (hereinafter collectively referred to as "Releasees"), from all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expenses, including, but not limited to, all claims for penalties, general damages, liquidated damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys'

fees and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, that Plaintiff had, now has, or in the future may or could have, arising out of or relating to any matter regarding any actual or potential claim or issue including but not limited to the payment of her wages during or after her employment or any allegedly retaliatory conduct, up to the date of the execution of this Agreement including but not limited to any claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the New York Labor Law, § 1 *et seq.* and any and all other federal, state and local laws regarding the payment of wages (whether statutory, regulatory or decisional)

        b.     This Agreement is intended to and shall release Releasees from any and all claims, whether known or unknown, which Releasor ever had, now have, or may have against Releasees regarding the payment of wages, including, without limitation, any claim, whether brought on an individual basis or as part of a class or collective action, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; the New York Labor Law, § 1 *et seq.*; and any and all other federal, state and local laws regarding the payment of wages (whether statutory, regulatory or decisional).

        c.     Nothing herein shall be deemed a waiver of: (i) claims for accrued vested benefits under any employee benefit plan of Defendant in accordance with the terms of such plan and applicable law; (ii) claims for breach of this Agreement; or (iii) claims that may arise based on events occurring after Plaintiff signs this Agreement.

        d.     Plaintiff acknowledges that she may discover facts or law different from, or in addition to, the facts or law she knows or believes to exist with respect to a released claim. She agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law. Plaintiff further acknowledges and understands that she is releasing claims regarding the payment of wages that she may not know about, and that is her intent. Plaintiff expressly waives all rights she may have under any laws that are intended to prevent unknown claims from being released and acknowledges that she understands the significance of doing so.

        e.     Plaintiff expressly agrees and acknowledges that she has previously asserted any and all claims against Defendant that she could have asserted, and that no additional claims are forthcoming. Plaintiff acknowledges that she was paid and has received all

compensation, wages, bonuses, commissions, and benefits to which she was entitled and that no leave, compensation, wages, bonuses, commissions or benefits are due to her apart from the consideration to be paid under this Agreement, and that the consideration she is receiving pursuant to this Agreement is over and above any amounts Defendant contends were due to her. Further, she acknowledges and agrees that she has not suffered any workplace injury that has not already been reported to Defendant.

    f.  The Parties intend for this Agreement to be a full, binding, and enforceable contract. The Parties acknowledge that, pursuant to Gaughan v. Rubenstein, 261 F. Supp.3d 390 (S.D.N.Y. 2017), this Agreement to resolve, *inter alia*, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL"), is not a product of one-sided bargaining and is instead the result of a fair process involving arms-length negotiation, between experienced counsel, which resulted in the exchange of a significant sum of money. As such, the Parties concur that this Agreement is in line with the spirit and terms outlined by the Second Circuit in Cheeks v. Freeport Pancake House, Inc., 769 F.3d 199 (2d Cir. 2015), and is therefore binding.

    g.  Plaintiff agrees and covenants that she has not filed, and she will not file or caused to be filed any claims, actions, or other proceedings against Releasees, at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Agreement. In the event that, for any reason, any complaint, appeal, suit, action, charge, claim, and/or proceeding ("Proceeding"), is filed or has already been filed by or on behalf of Plaintiff, she shall take all necessary steps to dismiss or withdraw same with prejudice and she shall not obtain or accept any recovery or relief therefrom. Should Plaintiff fail to take all necessary steps to seek dismissal of any claims, actions or proceedings against Releasees as set forth above, and Releasees are forced to enforce the provisions of this paragraph and/or seek dismissal, Plaintiff agrees to pay Releasees the reasonable attorneys' fees and costs they incur. Notwithstanding the foregoing, this Agreement is not intended to interfere with Plaintiff's right to file a charge or cooperate with an investigation by a governmental agency, including but not limited to the EEOC, or other similar governmental agencies or bodies. However, to the extent permitted by applicable law, Plaintiff hereby acknowledges and agrees that she has waived any and all relief available (including without limitation, monetary damages, equitable relief and reinstatement) in connection with the causes of action waived herein,

and therefore agrees, to the extent permitted by applicable law, that she will not accept any award or settlement from any source or proceeding (including but not limited to any proceeding brought by any other person or by any government agency) with respect to the Action, or any right waived in this Agreement. Should Plaintiff and/or any person acting by, through, under, or in concert with her be subpoenaed or subjected by court order to attend or testify, she shall notify Defendant as soon as practicable, but in any event, prior to responding to such subpoena or order herself, by sending a copy of the subpoena or court order to the attention of Justin Mitchell, Senior Legal Counsel and Compliance Officer, Lukoil Pan Americas, LLC, 3200 Kirby Drive, Suite 900, Houston, Texas 77098, or his successor, via Federal Express or UPS next day delivery, marked "Confidential and Time-Sensitive – Please Open Immediately," so compliance or objection to same can be directed or raised by Defendant. This contact information is to be used for all notices to Defendant under this Agreement, except as set forth in Paragraph 1.g.

3. **Non-Admissions.** Plaintiff acknowledges that Defendant has entered into this Agreement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, the Parties agree that neither this Agreement nor the furnishing of consideration for the release intended, shall be construed as an admission that Defendant or any Releasee have violated any federal, state or local law (statutory or decisional), ordinance or regulation, or that Defendant or any Releasee have committed any wrong against Plaintiff.

4. **Representations and Acknowledgments.** Plaintiff hereby represents and agrees that she has been advised by Defendant of her right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of her choice; that she has so consulted with her attorney, financial advisor, and/or representative; that she carefully has read all of the provisions of this Agreement; that she has had the opportunity to have her attorney, financial advisor, and/or representative answer any questions she might have had; that she fully understands all of the provisions of this Agreement; that she has had a reasonable amount of time within which to consider whether or not to enter into this Agreement; and that she is voluntarily and knowingly entering into this Agreement.

5. **Complete Agreement.** This Agreement represents the complete and full settlement of any and all claims regarding the payment of wages by Plaintiff against Defendant or any Releasee and fully supersedes any and all prior agreements or understandings between the Parties

hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, she does not rely upon any representation or statement made by a representative of Defendant with regard to the subject matter, basis or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing duly executed by the Parties or authorized representatives of the Parties.

6. **Capability to Waive Claims.** Plaintiff is competent to effect a knowing and voluntary general and unlimited release of all claims pertaining to her wages, as contained herein, and to enter into this Agreement, and is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims against Defendant or to waive all claims that Plaintiff may have against Defendant. If any lien exists or is asserted relating to any debt of Plaintiff that requires payment out of the proceeds of this Agreement, Plaintiff agrees to utilize the settlement payment made hereunder to satisfy that lien, and agrees to indemnify and hold Defendant harmless in connection with the lien.

7. **Remedy for Breach.** Nothing shall limit the right of any of the Parties to bring an action to enforce this Agreement except as set forth in Paragraph 1.g. Each of the Parties shall be entitled, in addition to any other right or remedy they may have at law or in equity related to breaches of this Agreement, to (i) all costs associated with enforcing this paragraph and the Agreement overall, including but not limited to reasonable attorneys' fees; and (ii) an injunction, without the posting of any bond or other security, enjoining or restraining the offending parties from any violation of this Agreement, and the offending Parties hereby consent to the issuance of such injunction.

8. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9. **Severability.**

   a. The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected

provision shall be modified to the extent necessary to make it legal, valid and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims regarding the payment of wages Plaintiff may have against Defendant.

    b.  If the release of claims contained in Paragraph 2 above is limited or held to be null and void, then Plaintiff shall execute an enforceable general and unlimited release of all wage-related claims.

  10.  **Jointly Drafted Agreement.** This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole.

  11.  **Applicable Law and Jurisdiction.** The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. Furthermore, the Parties hereby select the courts in the Supreme Court of the State of New York, County of New York as the sole appropriate jurisdiction for the purposes of any suit, action or other proceeding arising out of this Agreement, and, to the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense or otherwise, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement may not be enforced in or by such court.

  12.  **No Assignment of Claims.** Plaintiff represents and warrants that she has not assigned or hypothecated any claims herein released in any manner, to any person or other entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the settlement payment identified in Paragraph 1. Plaintiff agrees to defend, indemnify and hold harmless Releasees against any lien, claim or action asserted against that settlement payment. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against that settlement payment.

  13.  **Counterpart Signature and Copies.** This Agreement may be signed in counterparts, provided that each party receives a copy fully signed by the other parties.

Photocopies and electronic/digital copies of this Agreement, as executed by the Parties, shall have the same force and effect as an original copy.

**WHEREFORE**, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein, and hereby have caused this Agreement to be made effective as of the date above written.

**KRISTIN BENZINGER**

_[signature]_

Date: 5/13/21

**LUKOIL PAN AMERICAS, LLC**

By: _[signature]_

Its: MANAGING DIRECTOR

Date: 5/13/21